IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: )<br>)<br>EDWARD CHILDS, )<br>)<br>    Debtor. ) | |
| CURTIS C. REDING, etc. et al., )<br>)<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>MORRIS BART, P.L.C., et al., )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br><br>2:06mc3295-WHA |

## MOTION FOR STAY OF ADVERSARY PROCEEDING AND REQUEST FOR EXPEDITED RELIEF

Comes Now, Gallagher, Lewis, Downey & Kim n/k/a The Gallagher Firm and Michael T. Gallagher (collectively "Gallagher"), defendants herein, and for his Motion for Stay of Adversary Proceeding and for Expedited Relief respectfully states as follows:

    1.    On May 1, 2006, the Bankruptcy Court conducted a hearing on Gallagher's Motion for Stay.

    2.    The Bankruptcy Court denied Gallagher's Motion for Stay and has directed the parties to prepare for trial on May 22, 2006.

3283.3

3. A copy of the Motion for Stay filed in the Bankruptcy Court is attached hereto as Exhibit A and incorporated herein.

4. Gallagher requests expedited relief as the trial of the Adversary Proceeding is set for May 22, 2006, and the parties are being ordered to prepare for trial.

WHEREFORE, premises considered, Gallagher respectfully requests this Court expedite the consideration of this request and enter the following relief:

1. Stay all proceedings in the Bankruptcy Court related to this Adversary Proceeding;

2. Continue the trial of this Adversary Proceeding so that the District Court can rule on the Motion to Withdraw the Reference; and

3. Grant such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

/s/ Ryan K. Cochran
David B. Anderson (AND006)
Ryan K. Cochran  (COC020)
Attorneys for Defendants,
Gallagher, Lewis, Downey & Kim and
Michael T. Gallagher

OF COUNSEL:

WALLER LANSDEN DORTCH & DAVIS, LLC
AmSouth/Harbert Plaza, Suite 1400
1901 6th Avenue North
Birmingham, AL  35203
Phone: 205-214-6380
Fax: 205-214-8787

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Motion for Stay of Adversary Proceeding and Request for Expedited Relief has been duly served upon counsel of record electronically and/or by mailing same by United States mail, properly addressed and postage prepaid, to the following:

    Mr. Steve Olen
    Mr. Royce A. Ray, III
    Olen, Nicholas & Copeland, P.C.
    P. O. Box 1826
    Mobile, AL  36633

    Mr. Frank L. Parker, Jr.
    Ms. Christina May Bolin
    Mr. L. Hunter Compton
    Alford, Clausen & McDonald, LLC
    Suite 5000
    One St. Louis Centre
    Mobile, AL  36602-0000

    Ms. Sabrina L. McKinney
    P. O. Box 173
    Montgomery, AL  36101

    Ms. Susan S. DePaola
    Bankruptcy Trustee
    1726 West Second Street, Suite B
    Montgomery, AL  36106

    Mr. Joseph P. Schilleci, Jr.
    Mr. David D. Schoel
    Mr. Gerald S. Topazi
    Natter & Fulmer, P.C.
    3800 Collonade Parkway, Suite 450
    Birmingham, AL  35243

Mr. Curtis C. Reding
Standing Chapter 13 Trustee
P. O. Box 173
Montgomery, AL  36101-0173

Mr. Barry E. Teague
P. O. Box 586
Montgomery, AL  36101

Mr. Von G. Memory
Memory & Day
P. O. Box 4054
Montgomery, AL  36101

This the 1ST day of May, 2006.

                                        /s/ Ryan K. Cochran
                                        Of Counsel

**EXHIBIT A**
**LIST OF COUNTERCLAIM DEFENDANTS AND THIRD PARTY DEFENDANTS (the "33 Debtors") IN ADVERSARY PROCEEDING NO. 03-01071**

| | |
|---|---|
| 1 | Dorothy Anderson |
| 2 | Shellwanda Babers |
| 3 | Amy Betzhold |
| 4 | Edward Childs |
| 5 | Bobbie Curtis |
| 6 | Rosie Davison |
| 7 | Sharon Day |
| 8 | Sarah Dennis |
| 9 | Mae Dickinson |
| 10 | Audrey Edward |
| 11 | Patricia Ford |
| 12 | Gloria Fort |
| 13 | Sandra Gilbert (Welcher) |
| 14 | Mary Gillis |
| 15 | Gladys Grandberry |
| 16 | Lisa Haynes |
| 17 | Charstain Hicks |
| 18 | Angela Jarrett |
| 19 | Madgelyon Johnson |
| 20 | Sandra Joiner |
| 21 | Claudia Josey |
| 22 | Christine Kelley |
| 23 | Billie Montgomery |
| 24 | Karen Morgan |
| 25 | Melinda Russell |
| 26 | Moses Shears |
| 27 | Lawanda Similton |
| 28 | Carolyn Stephens |

| | |
|---|---|
| 29 | Gail Summers |
| 30 | Evelyn Terry |
| 31 | Pamela Thornell |
| 32 | Barbara Wells |
| 33 | Brenda Ziglar |

**<u>EXHIBIT A</u>**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CHAPTER 13 |
| EDWARD CHILDS, | ) | |
| | ) | CASE NO.: 00-06028-WRS |
|     Debtor. | ) | |

| | | |
|---|---|---|
| CURTIS C. REDING, in his capacity as Chapter 13 Standing Trustee, and SUSAN S. DePAOLA, Trustee, | ) ) ) ) ) | ADVERSARY PROCEEDING NO. |
|     Plaintiff, | ) ) ) | 03-01071 |
| vs. | ) ) | |
| MORRIS BART, P.L.C.; MORRIS BART; GALLAGHER, LEWIS, DOWNEY & KIM a/k/a THE GALLAGHER FIRM; and MICHAEL T. GALLAGHER, jointly and severally, | ) ) ) ) ) ) ) | |
|     Defendants. | ) ) | |
| MICHAEL T. GALLAGHER and GALLAGHER, LEWIS, DOWNEY & KIM a/k/a THE GALLAGHER FIRM, | ) ) ) ) | |
|     Third Party
    Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| THE LAW OFFICES OF BEN C. MARTIN, LLP and BEN C. MARTIN, | ) ) ) | |
|     Third Party
    Defendants. | ) ) ) | |
| MICHAEL T. GALLAGHER and GALLAGHER, LEWIS, DOWNEY & KIM a/k/a THE GALLAGHER FIRM, | ) ) ) | |

3162.4

|  |  |
|---|---|
| COUNTERCLAIMANTS and THIRD PARTY PLAINTIFFS, | ) ) ) ) ) |
| vs. | ) ) |
| CURTIS C. REDING, in his capacity as Chapter 13 Standing Trustee, | ) ) ) ) ) |
| COUNTERCLAIM DEFENDANT and THIRD PARTY DEFENDANT. | ) ) ) ) ) ) |

## MOTION FOR STAY OF ADVERSARY PROCEEDING; AND REQUEST FOR EXPEDITED RELIEF

Gallagher, Lewis, Downey & Kim and Michael T. Gallagher (collectively "Gallagher"), defendants herein, pursuant to Bankruptcy Rule 5011(c) for his Motion for Stay of Adversary Proceeding; and Request for Expedited Relief asserts the following.

Gallagher has filed a motion to withdraw the reference of this Adversary Proceeding to the District Court. This Adversary Proceeding, which is not a core proceeding under 28 U.S.C. § 157(b)(2)(A-O), is due to be stayed pending the District Court's determination of Gallagher's Motion to Withdraw the Reference because Gallagher can establish the required elements for a stay which are: (1) the likelihood that the Motion to Withdraw the Reference will be granted on the merits; (2) whether or not Gallagher will suffer irreparable harm if the

3162.4                                        2

stay is denied; (3) whether or not the Trustees will be substantially harmed by the stay; and (4) whether or not the public interest will be served by granting the stay. See, e.g. In re Eagle Enterprises, Inc., 259 B.R. 83, 86-87 (Bankr. E.D. Penn. 2001).

I. **THE DISTRICT COURT MUST WITHDRAW THE REFERENCE OF THIS MATTER DUE TO GALLAGHER'S JURY DEMAND**

In In re Eagle Enterprises, Inc., the court held that the defendant was entitled to stay the bankruptcy proceedings pending the District Court's ruling on the defendant's motion to withdraw the reference. 295 B.R. at 89. The court determined that the District court would likely withdraw the reference at that time, because the defendant was entitled to a jury trial and absent the defendant's consent, the contract and tort claims would ultimately have to be tried by the District Court. Id. at 88.

Similarly, Gallagher has asserted mandatory and permissive grounds in support of his Motion to Withdraw the Reference. Gallagher timely demanded a jury trial of all claims and Gallagher has supported his demand with caselaw establishing his absolute right to a jury trial. (Gallagher's Motion to Withdraw the Reference at pp. 24-29.) Since Gallagher does not consent to a jury trial in bankruptcy court, the trial, if any, must occur in the District Court. Id. Gallagher can find no

case law under which his right to a jury trial can be denied, so Gallagher is likely to succeed on the merits.

## II. GALLAGHER WILL SUFFER IRREPARABLE HARM IF THE STAY IS DENIED.

The bankruptcy court denied Gallagher's summary judgment Motion on April 3, 2006; and, the trial of this Adversary Proceeding is scheduled for May 22, 2006. Pretrial disclosures and exchanges are due today.

The claims set for trial on May 22, 2006 are 33 separate estate's claims for compensatory and punitive damages for which Gallagher has an absolute right to a jury trial. In order for Gallagher to defend these claims it will be necessary to subpoena debtors, trustees and debtor's counsel. These witnesses total in excess of 70 persons. Gallagher will suffer irreparable harm in the form of uncollectible expenses from insolvent estates and dismissed cases if he is required to subpoena 70 people and otherwise prepare for a jury trial that, as a matter of law, cannot occur on May 22, 2006. In addition to duplication of preparation, without a stay this Adversary Proceeding would need to be tried a second time.

## III. THE TRUSTEES WILL NOT BE HARMED BY A STAY OF THE ADVERSARY PROCEEDING PENDING THE DISTRICT COURT'S DECISION ON THE MOTION TO WITHDRAW REFERENCE.

This Adversary Proceeding was filed in 2003. As shown by the Bart settlement pending before the bankruptcy court, it

is about the 100% recovery by a few estates and the payment of 100% of counsel's fees. Since all claims will have been paid, there is no urgency to try this case on May 22, 2006.

IV. **THE PUBLIC'S INTEREST IN UPHOLDING THE CONSTITUTION, JUDICIAL ECONOMY AND UNIFORMITY REQUIRE A STAY OF THIS ADVERSARY PROCEEDING.**

The public interest in upholding the Constitution and Gallagher's Seventh Amendment right to a jury trial is great in this case.

The public interest in judicial economy and uniformity is also great in this case. The Adversary Proceeding is actually not ready for trial. First, Bart is still a defendant and a third party plaintiff, and there are issues to be determined with respect to Bart's settlement and subject matter jurisdiction over claims between Bart and Gallagher.

Since March 30, 2006 (when no objections were filed) the bankruptcy court has had under advisement a proposed settlement between the Trustees and the Bart defendants that, if approved, will, as a matter of law, eliminate all claims against Gallagher. In addition, after two years and seven months of exercising subject matter jurisdiction and entering summary judgment with respect to Gallagher's third party claims against Ben Martin, the bankruptcy court in a sua sponte order dated April 12, 2006 indicated that it just discovered that it may not have bankruptcy jurisdiction over the claims between Bart and

3162.4

5

Gallagher because of the lack of any effect upon the bankruptcy Estates. Under the same theory, the bankruptcy court does not have subject matter jurisdiction over any Estate claim where the Trustees and Bart agreed that such Estate had no claim. Ont he other hand, the District Court clearly has diversity jurisdiction over all of these claims, and therefore, if the bankruptcy court declines to continue to exercise subject matter jurisdiction, the claims between Bart and Gallagher and the claims of Estates possessing no claims will be transferred to the District Court.

Pursuant to Bankruptcy Rule 7042(b) the claims by the plaintiffs (Trustees) and third party plaintiff (Bart) against Gallagher can only be severed for convenience, to avoid prejudice or for economy. Because these claims have common questions of law and fact and arise out of the same transactions, the proposed actions of the bankruptcy court would actually prejudice Gallagher and would not promote economy. Additionally, this Court may not proceed with the trial of any equitable claims prior to the jury trial of the legal claims. Dairy Queen, Inc. v. Wood, 369 U.S. 469, 473 (1989) (holding that the right to a jury trial cannot be lost by a judge determining equitable claims that include common issues of law and fact with the legal claims.)

3162.4                                   6

**REQUEST FOR EXPEDITED CONSIDERATION**

The Motion to Withdraw Reference was filed on April 19, 2006. The trial is set for May 22, 2006. There is trial preparation that needs to be done. Time is of the essence.

WHEREFORE, premises considered, Gallagher respectfully requests this Court to expedite the consideration of this request and to stay all proceedings and continue the trial of this Adversary Proceeding until the District Court has ruled on the Motion to Withdraw Reference.

Respectfully submitted,

/s/ David B. Anderson
David B. Anderson (AND006)
Ryan K. Cochran  (COC020)
Deanna L. Weidner (WEI038)
Attorneys for Defendants
Gallagher, Lewis, Downey & Kim and
Michael T. Gallagher

OF COUNSEL:

WALLER, LANSDEN, DORTCH & DAVIS, LLP
AmSouth-Harbert Plaza, Suite 1400
1901 6th Avenue North
Birmingham, AL  35203
Phone:  205-214-6380
Fax:  205-214-8787

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing Motion to Stay of Adversary Proceeding; and Request for Expedite Relief has been duly served upon counsel of record electronically and/or by mailing same by United States mail, properly addressed and postage prepaid, to the following:

3162.4                                7

Mr. Steve Olen
Mr. Royce A. Ray, III
Olen, Nicholas & Copeland, P.C.
P. O. Box 1826
Mobile, AL 36633

Mr. Frank L. Parker, Jr.
Ms. Christina May Bolin
Alford Clausen and McDonald, LLC
One St. Louis Centre, Suite 5000
Mobile, AL 36602

Mr. Joseph P. Schilleci, Jr.
Mr. David D. Schoel
Mr. Gerald S. Topazi
Natter & Fulmer, P.C.
3800 Collonade Parkway, Suite 450
Birmingham, AL 35243

Mr. Curtis C. Reding
Standing Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101-0173

Mr. Barry E. Teague
P. O. Box 586
Montgomery, AL 36101

Mr. Von G. Memory
Memory & Day
P. O. Box 4054
Montgomery, AL 36101

This the 25th day of April, 2006.

           s/s David B. Anderson
           Of Counsel

**File a Motion:**
03-01071 Reding (Trustee) et al v. Morris Bart, A.P.L.C. et al

## U.S. Bankruptcy Court

### Middle District of Alabama

Notice of Electronic Filing

The following transaction was received from Anderson, David B. entered on 4/25/2006 at 5:43 PM CDT and filed on 4/25/2006
**Case Name:**      Reding (Trustee) et al v. Morris Bart, A.P.L.C. et al
**Case Number:**    03-01071
**Document Number:** 323

**Docket Text:**
Motion To Stay *of Adversary Proceeding; and Request for Expedited Relief* Filed by David B. Anderson on behalf of Michael T Gallagher, Gallagher, Lewis, Downey & Kim. (Anderson, David)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** S:\Gallagher - Childs\Motion for Stay of AP and request for expedited relief.pdf
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=996783231 [Date=4/25/2006] [FileNumber=2888381-0]
[805866801a4c366a4c851ee5b4bd6b7391b41b73eedd6b0ebc7481846fb25ba520fa
15e43077aa3e8e3dc0733ed6a34cfbb2a16d2dddba18130c5d4e68f82a7c]]

**03-01071 Notice will be electronically mailed to:**

David B. Anderson on behalf of Bart     (david.anderson@wallerlaw.com, linda.callahan@wallerlaw.com)

Ryan K. Cochran on behalf of Bart     (ryan.cochran@wallerlaw.com, suzanne.wallace@wallerlaw.com)

Louis H. Compton on behalf of Bart     (lhc@alfordclausen.com, tmm@alfordclausen.com)

Susan S. DePaola, Trustee     (brtrustee@mindspring.com)

Christina L. May-Bolin on behalf of Bart     (cmb@alfordclausen.com, adb@alfordclausen.com)

Sabrina L. McKinney on behalf of Reding (Trustee)     (mckinneys@ch13mdal.com)

Von G. Memory on behalf of Bart     (vgmemory@memorylegal.com, jlday@memorylegal.com;wdazar@memorylegal.com)

Steve Olen on behalf of DePaola, Trustee     (sco@olennicholas.com)

Frank L. Parker on behalf of Bart     (flp@alfordclausen.com, jzw@alfordclausen.com;npp@alfordclausen.com)

James T. Patterson on behalf of Bart     (, jzw@alfordclausen.com;npp@alfordclausen.com)

Joseph P. Schilleci on behalf of Gallagher    (schilleci@natterfulmer.com)

**03-01071 Notice will not be electronically mailed to:**

Christina May Bolin on behalf of Morris Bart, A.P.L.C.
Alford, Clausen & McDonald, LLC
One St. Louis Centre
Suite 5000
Mobile, AL 36602

Royce A Ray on behalf of Reding (Trustee)
Olen, Nicholas & Copeland
Post Office Box 1826
Mobile, AL 36633

Curtis C. Reding (Trustee)
P O Box 173
Montgomery, AL 36101-0173

David D Schoel on behalf of Martin
Natter & Fulmer, P.C.
3800 Colonade Parkway, Suite 450
Birmingham, AL 35243

Barry E. Teague on behalf of Morris Bart, A.P.L.C.
P. O. Box 586
Montgomery, AL 36101

Gerald S Topazi on behalf of Martin
Natter & Fulmer, PC
3800 Colonade Parkway, Suite 450
Birmingham, AL 35243

Charlie D. Waldrep on behalf of Martin
and Joseph P. Schilleci, Jr.
2101 Sixth Avenue North, Ste. 700
Birmingham, AL 35203