IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | * | |
| | * | |
| EDWARD CHILDS, | * | |
| | * | |
| Debtor. | * | |

| | | |
|---|---|---|
| CURTIS C. REDING, etc., et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civil Action No. |
| v. | * | 2:06mc3295-WHA |
| | * | |
| MORRIS BART, P.L.C.,  et al., | * | |
| | * | |
| Defendants. | * | |

### BART'S RESPONSE TO GALLAGHER'S MOTION TO STAY

COME NOW Defendants, Morris Bart, P.L.C. and Morris Bart (hereinafter collectively referred to as "Bart"), by and through their counsel of record and file this response to Gallagher's Motion to Stay a nearly three-year old adversary proceeding where discovery is complete thirty days before a May 22, 2006, trial that was continued from December of 2005, due solely to Hurricane Katrina.  In opposition to that motion, Bart submits that any stay of the bankruptcy adversary proceeding at this juncture will prejudice it in at least two ways.  First, Bart may now have to incur additional costs to start over in a new suit and continue to be involved in litigation after agreeing to pay substantial sums to resolve the bankruptcy issues.  Second, Bart may now be facing a situation where the Gallagher Defendants will use this stay or transfer of this case to this Court to substantially increase their potential claims against Bart long after Court ordered deadlines have passed for amending pleadings in the adversary proceeding.  Indeed, the Bart

Defendants submit that subject matter jurisdiction does not exist for the contractual indemnity claims between Bart and Gallagher, citizens of Louisiana and Texas respectively, arising out of a contract entered into in another forum.    Moreover, Gallagher's Motion to Withdraw the Reference on its face does not appear viable.    Such viability should be a precondition to granting a motion to stay a three-year old litigation that has been set for trial for quite some time and for which a motion to stay has previously been denied by the Bankruptcy Court.    As a result, Gallagher's Motion to Stay is due to be denied as Gallagher, not Bart, should bear the consequences of the timing problems that have now arisen due to Gallagher's belated request to essentially either "do over" the underlying litigation or attempt an impermissible appeal.

A.    **Bart will be aggrieved and prejudiced should this Court now stay a nearly three-year old complex lawsuit pending before a bankruptcy judge familiar with the litigation in which Bart is due to be dismissed as a party.**

The underlying bankruptcy proceeding from which the Gallagher Defendants are now seeking to withdraw the reference was filed in June of 2003.    Over 330 docketed entries have been made since that time which includes a joint motion to compromise joined by Bart to end this protracted litigation with the Trustees.    Extensive discovery has taken place, and the court entered an order on September 29, 2005, that discovery was to be completed by November 30, 2005.  (ECF #268)  It should thus come as no surprise that the Bart Defendants want to conclude this bankruptcy matter pending before Judge Sawyer as expeditiously as possible, not only with regard to the Trustees' claims but also as to any claims between Bart and Gallagher.  To that end, Bart filed a response to Judge Sawyer's Show Cause Order on May 2, 2006 agreeing with Judge Sawyer that the Bankruptcy Court should not retain jurisdiction over the claims between Gallagher and Bart.  (*See* Bart's Response to Show Cause Order, ECF #332)    *See, e.g. Continental Nat'l Bank of Miami v. Sanchez (In re: Toledo)* 107 F.3d 1340 (11th Cir. 1999*);*

*Munford v. Valuation Research Corp. (In re: Munford)*, 97 F.3d 449 (11th Cir. 1996); and *In re: Lemco Gypsum*, 910 F.2d 784 (11th Cir. 1990).

Bart is further seeking clarification from Judge Sawyer that the only indemnity claims Gallagher may have against Bart pertain to two debtors in this litigation as Gallagher never made a claim against Bart for the remaining debtors when the Trustees amended their complaint over one year ago to add the additional debtors.  (*See* ECF # 332 and Gallagher's Answer to Third Amended Complaint, ECF # 188)  No claim remains as to those two debtors though, as Bart has agreed to make one of them whole and the Trustee has abandoned the other claim.  As a result, Gallagher's claim against Bart, as it exists in the adversary proceeding, is moot.  The only remaining claims in the adversary proceeding to which Bart is a party are Bart's indemnity claims against Gallagher which are based on the same contract.  Consistent with judicial economy and attempting to avoid being a part of this protracted litigation any longer, Bart has proposed to conditionally dismiss its claims against Gallagher without prejudice to raise in another court of competent jurisdiction if the bankruptcy court orders that Gallagher's claims against Bart no longer exist.  (ECF #332)

In Gallagher's Motion to Withdraw the Reference, Gallagher hinges his motion on the assumed presence of subject matter jurisdiction over the indemnity claims between Bart and Gallagher.   That very issue is currently pending before the Bankruptcy Court, and a determination on that issue was pending before the Bankruptcy Court when Gallagher decided to withdraw the reference.  The Bankruptcy Court's *sua sponte* order indicates that subject matter jurisdiction does not exist for the contractual indemnity claims between Bart and Gallagher.  Consequently, Gallagher has attempted to withdraw the reference which Bart submits is an attempt to forestall a ruling by the Bankruptcy Court as to whether there are any claims

3

remaining between Bart and Gallagher, the effect of which would be that Bart is no longer a

party to that litigation once its settlement with the Trustees is approved by that court.  As the

Court held in *In re FMI Forwarding Co., Inc.*, __ F. Supp. 2d __, 2005 U.S. Dist. LEXIS 941 at

*18-21 (S.D.N.Y. 2005), such an attempt to prevent a ruling on a motion pending before the

bankruptcy court in a case where extensive discovery had neared completion more than two-and-

a-half years after the adversary proceeding had been filed was an improper basis to withdraw the

reference.  Not unlike the timing of the Motion to Withdraw the Reference in this case, that

Court noted:  "The timing of [movant's] withdrawal motion therefore screams forum-shopping

of the [pending] claim…, and, as such, the motion is denied as untimely."  *Id.* at *21.

As Gallagher's Motion to Stay is nothing more than an overt exercise in forum shopping,

which can only serve to greatly and unduly prejudice the Bart Defendants, a stay is not

appropriate, and a motion for stay is due to be denied.   Furthermore, this same issue was before

Judge Sawyer and he denied the motion.  (See, ECF #334).  If Gallagher is dissatisfied with the

Bankruptcy Court's ruling, the proper procedure to seek redress would be through an appeal as

opposed to the present motion to withdraw the reference.

**B.**      **As a threshold matter, the Motion to Withdraw the Reference is untimely and due to be denied.  Consequently, there is no basis for staying the bankruptcy proceeding.**

The original adversary proceeding was filed in June of 2003.  The Gallagher Defendants

filed their cross-claim against Bart seeking indemnity on September 9, 2003.  (ECF  #38)  If

Gallagher was not on notice then that the state law indemnity claims were not a core proceeding,

they were certainly aware of such when they filed their answer to the third amended complaint in

April of 2005.  (ECF #188)  The second defense states that they deny this was a core proceeding,

yet they waited until April 20, 2006, to file a motion to withdraw the reference, which will now

prejudice Bart by trying to start this litigation over.

In *In re Securities Group 1980*, 89 B.R. 192 (Fla. 1988), a defendant filed a motion to

withdraw the reference.  In that case, the defendant sought a stay of any further bankruptcy court

proceedings, which was denied the same day.  There was a motion for partial summary judgment

pending against the party seeking withdrawal of the reference on the issue of liability, which was

thereafter granted by the bankruptcy court.

In analyzing whether to withdraw the reference, the Court reasoned:

> The decision whether to withdraw the reference in the present
> instance turns on the application of the second sentence of 28
> U.S.C. § 157 (d). Defendants have rested their argument for
> withdrawal of the reference solely on the ground that resolution of
> the proceeding requires consideration of both bankruptcy law and
> federal law regulating organizations or activities affecting interstate
> commerce.  A threshold issue in application of § 157(d) is the
> timeliness of the motion to withdraw the reference. "If a motion for
> withdrawal of reference is not timely made, it will certainly be held
> that the provisions of the second sentence of section 157(d) have
> been waived." 1 *Collier on Bankruptcy* para. 3.01 [2][e], at 3-63
> (15th ed. 1987). The Court finds that the present motion is not
> timely made and therefore will deny it.
>
> …
>
> The statute does not define timeliness. Bankruptcy Local Rule
> 107(a) requires that a motion to withdraw proceedings must be
> filed with the Clerk of the Bankruptcy Court not later than the date
> set for filing an answer under Bankruptcy Rule 7012, which is
> thirty days after issuance of the summons, except when a different
> time is prescribed by the Bankruptcy Court. Although Bankruptcy
> Local Rule 107(a) became effective January 1, 1987, after the first
> answer filed by defendants, the Rule applied to the amended
> answer, counterclaim and third-party complaint filed on July 8,
> 1987, and the answer, counterclaim and third-party complaint filed
> on February 8, 1988, in response to the amended complaint.  n4

> Note 4.  If Bankruptcy Local Rule 107(a) did not apply directly in this case, the Court would still view it as a reasonable definition of what constitutes a "timely" motion pursuant to § 157(d). Notably, the thirty-day period coincides with the statutory period for filing a petition for removal pursuant to 28 U.S.C. § 1446(b). The so-called mandatory withdrawal of reference is sufficiently analogous to a petition to removal that the latter is a useful source by which to measure withdrawal proceedings.

*Id.* at 194.

As a result, the Court held the attempt to withdraw the reference was untimely.  *Id.* at 195.  Importantly, the adversary proceeding in that case was not on the eve of trial when the United States District Court for the Middle District of Florida entered its order, and that fact alone, calls into question the viability of Gallagher's Motion to Withdraw the Reference.  Moreover, Bart submits that instead of the Bart Defendants being prejudiced by Gallagher's delay in filing such a motion, Gallagher, not Bart, should bear the consequences of Gallagher's late filed motion and no stay be issued while this Court considers the pending Motion to Withdraw the Reference.  Staying the bankruptcy action at this point will reward Gallagher for forum shopping and for a last ditch effort to keep the Bankruptcy Court from ruling on issues on the eve of a trial date that has been pending for at least six months where discovery has been completed.

WHEREFORE, for the foregoing reasons, the Bart Defendants respectfully request that Gallagher's Motion to Stay be denied.

  /s/ *Frank Parker*
FRANK L. PARKER, JR. (PARKF5484)
CHRISTINA MAY BOLIN (MAYCH6582)
L. HUNTER COMPTON (COMPL2251)

MEMORY & DAY
VON G. MEMORY (MEMOV8137)
JAMES L. DAY
P.O. Box 4054
Montgomery, AL 36103
(334) 834-8000
(334) 834-8001 (fax)

OF COUNSEL:

ALFORD, CLAUSEN & McDONALD, LLC
One St. Louis Centre, Suite 5000
Mobile, Alabama 36602
(251) 432-1600
(251) 432-1700 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2006, the foregoing document was electronically filed with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph P. Schilleci, Jr.
schilleci@natterfulmer.com

David B. Anderson, Esq.
david.anderson@wallerlaw.com

Ryan K. Cochran, Esq.
ryan.cochran@wallerlaw.com

Deanna L. Weidner, Esq.
deanna.weidner@wallerlaw.com

Steve Olen, Esq.
sco@olennicholas.com


Received regular U.S. Mail:

David D. Schoel, Esq.
Natter & Fulmer, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama 35243

Gerald S. Topazi, Esq.
Natter & Fulmer, P.C.
3800 Colonnade Parkway, Suite 450
Birmingham, Alabama  35243

Royce A. Ray
Olen, Nicholas & Copeland
Post Office Box 1826
Mobile, Alabama 36633

Charlie D. Waldrep
2101 Sixth Avenue North, Suite 700
Birmingham, Alabama 35203


  /s/ *Frank Parker*
COUNSEL